UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy Nicholas MacDermott, | Case No. 24-cv-1984 (JMB/DTS) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons, et al., | |
| Defendants. | |

Plaintiff Troy Nicholas MacDermott, a federal prisoner, contends that the policy of the Bureau of Prisons (BOP) to provide video visitation services to female prisoners but not to similarly situated male prisoners constitutes unconstitutional gender discrimination. Dkt. No. 1. MacDermott has filed a Motion to Certify Class, Dkt. No. 4, and a Motion to Appoint Class Counsel, Dkt. No. 6. MacDermott proceeds *pro se*. He has paid the filing fee. Dkt. No. 9.

As a preliminary matter, having concluded the Court's review of MacDermott's Complaint pursuant to 28 U.S.C. § 1915A, each defendant upon whom service of process is properly effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). MacDermott, moreover, remains responsible for effecting service of process in this matter. *See* Fed. R. Civ. P. 4.

Turning now to MacDermott's outstanding motions, for the reasons described below, this Court recommends that MacDermott's Motion to Certify Class, Dkt. No. 4, and Motion to Appoint Class Counsel, Dkt. No. 6, be denied without prejudice as premature.

Rule 23 of the Federal Rules of Civil Procedure governs class actions. Pursuant to Rule 23(a), "[o]ne or more members of a class may sue or be sued as representative

1

parties on behalf of all members only if" the following specific, enumerated conditions are met:

> (1) The class is so numerous that joinder of all members is impracticable;
>
> (2) There are questions of law or fact common to the class;
>
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; *and*
>
> (4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added).  Further, Fed. R. Civ. P. 23(g) requires the Court to appoint class counsel.  Fed. R. Civ. P. 23(g).

At this stage of the proceedings, however, it is premature to determine whether class certification—and thus class counsel—is appropriate.  First, service has not yet been effected on the defendants.  Second, although this Court has concluded that MacDermott has pleaded a colorable claim for relief for the purposes of this Court's preservice obligation under 28 U.S.C. § 1915A(a), the defendants (because they have not yet been served) have not had an opportunity to challenge the sufficiency of MacDermott's pleadings.  *See Braun v. Hanson*, Case No. 18-CV-3355, 2020 WL 1496580 at *2 (D. Minn. Jan. 27, 2020) ("Every court to have considered the question has concluded that the sua sponte screening and dismissal procedure [under 28 U.S.C. § 1915A] is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion [to dismiss] . . . To conclude otherwise, would deprive Defendants of the basic procedural right to challenge the sufficiency of the pleadings."), *R & R adopted by* 2020 WL 1493884 (D. Minn. Mar. 27, 2020).

Relatedly, the gravamen of MacDermott's Complaint is that federal officials have violated his constitutional rights. (Dkt. No. 1). The United States Supreme Court recognized a limited cause of action against federal agents for their constitutional torts in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But the Supreme Court has only applied *Bivens* on three occasions—recognizing a claim against federal agents for an illegal arrest and warrantless search, *Bivens*, 403 U.S. at 389; allowing a claim against federal prison officials who failed to treat a prisoner's medical condition, *Carlson v. Green*, 446 U.S. 14, 16 (1980); and permitting a congressman's administrative assistant to sue him after he fired her, *Davis v. Passman*, 442 U.S. 228, 248 (1979). Since then, however, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019). Thus, while MacDermott may have pleaded a colorable cause of action for the purposes of preservice screening under 28 U.S.C. § 1915A(a), it remains to be seen whether he has pleaded sufficient factual matter upon which relief may be granted as a matter of law. Accordingly, it is recommended that MacDermott's Motion to Certify Class, Dkt. No. 4, and Motion to Appoint Class Counsel, Dkt. No. 6, be denied without prejudice as premature.

To the extent that the Court construes Plaintiff's Motion as a general request for counsel—as opposed to a specific request for appointment of class counsel—that request is likewise denied at this time. In civil cases, there is no constitutional or statutory right to appointed counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). Rather, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Factors to consider in deciding whether to recruit

3

counsel, include the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir.2006).

Here, this case has not reached the level of legal or factual complexity warranting appointment of counsel.  MacDermott's Complaint has survived preservice review pursuant to 28 U.S.C. § 1915A(a).  But the case remains in its early stages—the defendants have not yet been served, nor have they responded to the lawsuit.  Discovery, therefore, has not yet commenced in this action.  Thus, it is unclear at this point whether any conflicting testimony, factual disputes, or complex legal issues will arise in this case.  Accordingly, to the extent MacDermott requests that this Court appoint him counsel, that request is denied at this time.  MacDermott may submit a motion for appointment of counsel should circumstances change.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1.	Each defendant upon whom service of process is properly effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g).

2.	Plaintiff Troy Nicholas MacDermott is responsible for effecting service of process in this matter.  *See* Fed. R. Civ. P. 4.

3.	To the extent that Plaintiff MacDermott requests appointment of counsel, *see* Dkt. No. 6, that request is **DENIED WITHOUT PREJUDICE**.

## RECOMMENDATION

For the reasons set forth above, the COURT RECOMMENDS THAT:

4

1.	Plaintiff Troy Nicholas MacDermott's Motion to Certify Class, Dkt. No. 4, is **DENIED WITHOUT PREJUDICE** as premature.

2.	Plaintiff's Motion to Appoint Class Counsel, Dkt. No. 6, is **DENIED WITHOUT PREJUDICE** as premature**.**

Dated: June 25, 2024	   s/David T. Schultz   
	DAVID T. SCHULTZ
	U.S. Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).